UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| **MARY JO KRUEGER,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:12-cv-00430-SI |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

James S. Coon, Swanson, Thomas, Coon & Newton, 820 S.W. Second Avenue, Suite 200, Portland, Oregon 97204. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; David Morado, Regional Chief Counsel, Region X, and Roberta G. Bowie, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 1301 Young Street, Suite A-702, Dallas, TX 75202.  Attorneys for Defendant.

**SIMON, District Judge**.

Mary Jo Krueger seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Disability Insurance Benefits ("DIB").  Because the Commissioner's decision was not supported by substantial evidence, the decision is reversed and this case is remanded for further proceedings pursuant to 42 U.S.C. § 405(g), sentence four.

## I.    BACKGROUND

**A.    The Application**

Ms. Krueger is a 55 year-old woman who worked for more than 20 years as an emergency medic and recruiter in the United States Air Force.  She filed an application for DIB on January 23, 2007, alleging disability beginning on July 4, 2002.  Tr. 14.  She alleges disability due to major depressive disorder, panic disorder, and migraine headaches. Tr. 167.  The Commissioner denied her application initially and upon reconsideration, and she requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 14.  After an administrative hearing, held on November 17, 2009, the ALJ found Ms. Krueger not to be disabled.  Tr. 17-24. Ms. Krueger's subsequent request for review was denied by the Appeals Council on January 18, 2012, making the ALJ's decision the final decision of the Commissioner.  Tr. 1.  Ms. Krueger now seeks judicial review of that decision.

**B.    The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

Page 2 – OPINION AND ORDER

*Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20

C.F.R. § 404.1520 (DIB); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially

dispositive. 20 C.F.R. § 404.1520(a)(4). The five-step sequential process asks the following

series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R.
    § 404.1520(a)(4)(i). This activity is work involving significant mental or
    physical duties done or intended to be done for pay or profit. 20 C.F.R.
    § 404.1510. If the claimant is performing such work, she is not disabled
    within the meaning of the Act. 20 C.F.R. § 404.1520(a)(4)(i). If the
    claimant is not performing substantial gainful activity, the analysis
    proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's
    regulations? 20 C.F.R. § 404.1520(a)(4)(ii). Unless expected to result in
    death, an impairment is "severe" if it significantly limits the claimant's
    physical or mental ability to do basic work activities. 20 C.F.R.
    § 404.1521(a). This impairment must have lasted or must be expected to
    last for a continuous period of at least 12 months. 20 C.F.R. § 404.1509. If
    the claimant does not have a severe impairment, the analysis ends. 20
    C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the
    analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the
    impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so,
    then the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(iii). If the
    impairment does not meet or equal one or more of the listed impairments,
    the analysis proceeds beyond step three. At that point, the ALJ must
    evaluate medical and other relevant evidence to assess and determine the
    claimant's "residual functional capacity" ("RFC"). This is an assessment
    of work-related activities that the claimant may still perform on a regular
    and continuing basis, despite any limitations imposed by his or her
    impairments. 20 C.F.R. § 404.1520(e). After the ALJ determines the
    claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC
    assessment? If so, then the claimant is not disabled. 20 C.F.R.
    § 404.1520(a)(4)(iv). If the claimant cannot perform his or her past
    relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience,
    is the claimant able to make an adjustment to other work that exists in
    significant numbers in the national economy? If so, then the claimant is

not disabled. § 404.1520(a)(4)(v); 404.1560(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 404.1566 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.    The ALJ's Decision

The ALJ performed the sequential analysis in her February 24, 2010 decision.  Tr. 16-24. At step one, the ALJ found that Ms. Krueger met the insured status requirements.  Tr. 16.  At step two, the ALJ concluded that Ms. Krueger's migraine headaches, mood disorder, alcoholism in sustained full remission, and drug abuse were severe impairments.  Tr. 16.  At step three, the ALJ ruled that Ms. Krueger did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the regulations.  Tr. 17.

The ALJ next assessed Ms. Krueger's residual functional capacity ("RFC").  The ALJ found that Ms. Krueger retained the capacity to perform a full range of work at all exertional levels with some nonexertional limitations that precluded complex tasks but not "simple, routine,

and detailed tasks." *Id*. At step four, the ALJ determined that Ms. Krueger's RFC precluded her from performing past relevant work. Tr. 23. At step five, based on the testimony of a vocational expert ("VE"), the ALJ concluded that Ms. Krueger could perform jobs that exist in significant numbers in the national economy. *Id*. The ALJ thus ruled that Ms. Krueger was not disabled. Tr. 23-24.

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. *Burch v. Barnhart,* 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground

upon which the Commissioner did not rely. *Orn,* 495 F.3d at 630; *see also Bray,* 554 F.3d

at 1226-26 (citing *SEC v. Chenery Corp.,* 332 U.S. 194, 196 (1947)).

## III.    DISCUSSION

Ms. Krueger argues that the ALJ erred by: (1) improperly rejecting the opinion of treating

psychiatrist Dr. Howard Rosenbaum; (2) improperly rejecting the opinion of examining

psychiatrist Dr. Robert Bridenbaugh; and (3) improperly ignoring the Veterans Administration's

disability rating.  Ms. Krueger also argues (4) that the Appeals Council erred by rejecting the

opinion of examining psychologist Dr. Linda Grounds.  For the reasons discussed below, the

Court finds that the ALJ properly rejected the opinions of Drs. Rosenbaum and Bridenbaugh and

properly rejected the VA's rating.  Nonetheless, the Court remands this case to the ALJ for

consideration of Dr. Grounds' opinion.

## A.    Medical Opinion Evidence

The Ninth Circuit distinguishes between the opinions of three types of physicians:

treating physicians, examining physicians, and non-examining physicians.  The opinions of

treating physicians are generally accorded greater weight than the opinions of non-treating

physicians.  *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995).  A treating doctor's opinion that

is not contradicted by the opinion of another physician can be rejected only for "clear and

convincing" reasons.  *Baxter v. Sullivan,* 923 F.2d 1391, 1396 (9th Cir. 1991).  If a treating

doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide

"specific, legitimate reasons" for discrediting the treating doctor's opinion.  *Murray v. Heckler,*

722 F.2d 499, 502 (9th Cir. 1983).  In addition, the ALJ generally must accord greater weight to

the opinion of an examining physician over that of a non-examining physician.  *Lester,* 81 F.3d

at 830.  As is the case with the opinion of a treating physician, the ALJ must provide "clear and

convincing" reasons for rejecting the uncontradicted opinion of an examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502 at 506 (9th Cir. 1990).  If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion.  *Lester,* 81 F.3d at 830.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions.  *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  As discussed above, an ALJ must provide "specific, legitimate reasons" for discrediting the controverted opinion of a treating or examining physician.  *Lester,* 81 F.3d at 830.  Specific, legitimate reasons for rejecting a physician's opinion include its reliance on a claimant's discredited subjective complaints, inconsistency with medical records, and inconsistency with a claimant's daily activities.  *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).  Favorable response to treatment can also undermine a claimant's reports regarding the disabling nature of her impairments.  *Id.* at 1040.  If the ALJ does not comment on a medical opinion, then the opinion has been tacitly rejected.  *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

### 1.     Dr. Rosenbaum's Opinion

Ms. Krueger argues that the ALJ failed properly to credit Dr. Rosenbaum's opinion for two reasons.  First, Ms. Krueger argues that the ALJ ignored and thus improperly rejected Dr. Rosenbaum's conclusion, quoted in a social worker's report, that Ms. Krueger is unable to work.  Pl. Br. 6.  Second, Ms. Krueger argues that the ALJ overlooked many of Dr. Rosenbaum's treatment notes without a legal justification.  *Id*.

Dr. Rosenbaum treated Ms. Krueger's from 2004 through 2009.  During that period, Ms. Krueger visited Dr. Rosenbaum more than 20 times.  Tr. 287-300, 425-435.  Dr. Rosenbaum opined that Ms. Krueger suffers from bipolar disorder and social anxiety disorder.  In November

2004, Dr. Rosenbaum assessed a Global Assessment Functioning ("GAF") score of 60.[1]  Tr. 289.

Dr. Rosenbaum's written notes from his visits with Ms. Krueger reveal that Ms. Krueger was

sleeping eight hours a night in 2004; that she was sleeping "well" in 2006; and that her mood

was stable in 2009.  Tr. 288, 298, 434.

 Ms. Krueger's first argument is that the ALJ erred because she did not address

Dr. Rosenbaum's opinion that Ms. Krueger "has not been able to sustain the minimum level of

function necessary for suitable employment" and will not improve.  Pl. Br. 3-4 (citing Tr. 223).

Dr. Rosenbaum, however, did not make this assessment in his treatment notes or other evidence

submitted directly by him to the Commissioner. Rather, this assessment is attributed to

Dr. Rosenbaum by John Blake, a vocational rehabilitation counselor, in a letter prepared by

Mr. Blake and sent to the VA.  In other words, Dr. Rosenbaum's opinion that Ms. Krueger is not

"able to sustain the minimum level of function necessary for suitable employment" is reported

only second hand and was not authenticated by Dr. Rosenbaum. As such, this statement is not

evidence that the ALJ must independently consider. *Rask v. Astrue*, No. 3:10-cv-01082-SI, 2011

WL 5546935, *12 (D. Or. Nov. 14, 2011) ("The Ninth Circuit has never held that an ALJ must

explicitly address evidence that is not offered directly to the Commissioner. Indeed, the

regulations define 'evidence' as 'anything [the claimant] or anyone else submits to us [the

Commissioner].' 20 C.F.R. § 404.1512(b)" (emphasis omitted)).

 Even if the statement attributed by Mr. Blake to Dr. Rosenbaum had been properly

authenticated, the ALJ provided legally sufficient reasons to reject it on the merits.  The

---

[1] A GAF score of 60 constitutes moderate symptoms or moderate difficulty in social, occupation, or school functioning, according to the Diagnostic and Statistical Manual of Mental Disorders ("DSM–IV").  Tr. 289; *see* Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 27–30 (4th ed. 2000).

statement was controverted by examining psychologist Dr. Marc Stuckey, who determined that Ms. Krueger was able to work, and he diagnosed her as malingerining.[2]  Tr. 440, 442-3.  The ALJ was thus required to provide specific and legitimate reasons for rejecting the controverted opinion.  *Lester,* 81 F.3d at 830.  As discussed below, the ALJ provided specific and legitimate reasons for rejecting the opinion that Ms. Krueger was unable to work, and those reasons were supported by substantial evidence in the record.

Ms. Krueger's second argument is that in making her determination, the ALJ overlooked three years' worth of Dr. Rosenbaum's chart notes.[3]  Pl. Br. 4; Pl. R. Br. 6.  The Court disagrees. The ALJ extensively referenced Dr. Rosenbaum's chart notes in making her decision. Moreover, the ALJ compared Dr. Rosenbaum's notes with other evidence in the record and reasonably concluded that Dr. Rosenbaum's notes did not support a finding of functional limitations.

The ALJ made several findings relevant to this analysis. First, the ALJ observed that Ms. Krueger testified that she failed to follow Dr. Rosenbaum's recommendation to seek psychotherapy.  Tr. 19, 50.  Ms. Krueger also testified that she had stopped taking her medication without telling Dr. Rosenbaum. Tr. 19, 53.  Ms. Krueger's testimony, as well as evidence submitted by her husband, revealed that Ms. Krueger had no problem with self-care and that she performed household chores, yard work, and grocery shopping.  Tr. 53-54, 175-181. The ALJ also considered evidence from Dr. Rosenbaum's chart notes indicating that Ms. Krueger reported her mood as "good" and that she was sleeping well, and concluded that medications had been relatively effective in controlling Ms. Krueger's symptoms.  Tr. 19, 288,

---

[2] Subsequent testing by Dr. Grounds confirmed that Ms. Krueger scored exceptionally high on the Structured Inventory of Malingered Symptomology, but that evidence was not before the ALJ.  Tr. 250.

[3] While the ALJ must explain her rejection of "significant, probative evidence," she need not discuss all evidence presented.  *Stark v. Shalala*, 886 F.Supp. 733, 735 (9th Cir. 1995).

298.  In determining that Ms. Krueger was not disabled, the ALJ provided a reasonable

interpretation of the evidence.  *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)

("We must uphold the ALJ's decision where the evidence is susceptible to more than one

rational interpretation").  The ALJ therefore had a sufficient legal basis for rejecting any

conclusion by Dr. Rosenbaum that Ms. Krueger was unable to work.

### 2.  Dr. Bridenbaugh's Opinion

In April 2006 Dr. Bridenbaugh performed a mental status examination of Ms. Krueger.

He assessed a GAF score of 41, which constitutes serious symptoms or a serious impairment in

social, occupational, or school functioning, according to the DSM-IV.  Tr. 404.  Based on his

examination, Dr. Bridenbaugh opined that Ms. Krueger is "essentially unemployable" due to her

mood disorder.  *Id*.

Ms. Krueger makes two arguments.  First, Ms. Krueger argues that the ALJ improperly

rejected the results of Dr. Bridenbaugh's examination.  She argues that the ALJ's dismissal of

Dr. Bridenbaugh's opinion as "vague" is unfounded because Dr. Bridenbaugh specifically

referenced Ms. Krueger's mood disorder as the source of interference with her occupational

function.[4] Pl. Br. 10; Tr. 401.  Even assuming Ms. Krueger were correct, a single erroneous basis

for an ALJ's determination is harmless error if other valid reasons supporting that determination

---

[4] The ALJ found that Dr. Bridenbaugh's opinion evidence was "vague," specifically with
respect to the basis for the GAF score.  Moreover, the GAF scale is merely "a tool for 'reporting
the clinician's judgment of the individual's overall level of functioning;'" accordingly, a GAF
score reflects a snapshot of a claimant's presentation on the day of the examination. *Chapman
v. Astrue*, CV-08–409 CL, 2009 WL 3046025, at *4 n.1 (D. Or., July 30. 2009), adopted as
modified by CV-08-409-CL, 2009 WL 3046024 (Sept. 22, 2009). Ms. Krueger's GAF scores
therefore do not necessarily pertain to the entire period in which she alleges disability, nor can
her GAF score "determine disability." *Gardner v. Astrue*, CV-08–145–AC, 2009 WL 1505303,
at *10 (D. Or., May 27, 2009).  Rather, the "GAF assessment is [but] one element of [a doctor's]
conclusion." *Id.* at *11. Ms. Krueger's GAF scores alone are therefore inadequate to establish
entitlement to DIB.

remain.  See *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008).  The ALJ provided other adequate reasons to discount Dr. Bridenbaugh's opinion.

The ALJ is only required to provide specific and legitimate reasons to reject the results of the examination because Dr. Stuckey's opinion controverted those results.  *See Magallanes*, 881 F.2d at 751.  The ALJ cited two specific and legitimate reasons for rejecting Dr. Bridenbaugh's examination results. Tr. 22, 175-182.  First, his opinion was based on discredited subjective reports.  *See Tommasetti*, 533 F.3d at 1041 ("the ALJ's adverse credibility determination supports the limited rejection of [a medical] opinion because it was primarily based on … subjective comments").  The ALJ found that Dr. Bridenbaugh relied on Ms. Krueger's subjective complaints in forming his opinion and found that Ms. Krueger was "not very credible" based on medical evidence of malingering.[5]

Second, Dr. Bridenbaugh's conclusions were inconsistent with other medical evidence in the record.  *See Id.* at 1040.  The ALJ noted that the timing of the examination coincided with a period in 2006 when Ms. Krueger told treating physician Dr. Rosenbaum that she was having increased feelings of depression, from which she subsequently improved.  Tr. 20, 298.  The ALJ also credited Dr. Stuckey's opinion that Ms. Krueger was malingering and was able to work and that her alcohol dependence was in sustained full remission.  Tr. 440.  Finally, the ALJ considered a conclusion reached by non-examining physicians employed by the State Disability Determination Services that Ms. Krueger is not disabled.  Tr. 22, 379.  The ALJ thus provided specific and legitimate reasons for rejecting the results of Dr. Bridenbaugh's examination, and those reasons were supported by substantial evidence in the record.

---

[5] Ms. Krueger does not challenge the ALJ's finding as to her credibility.

Ms. Krueger also argues that the ALJ erred in rejecting Dr. Bridenbaugh's conclusion that Ms. Krueger is "essentially unemployable."[6]  As discussed above, the ALJ provided specific and legitimate reasons for rejecting Dr. Bridenbaugh's opinion.  In sum, the ALJ's reasons are supported by substantial evidence in the record, and the ALJ's rejection of Dr. Bridenbaugh's opinion was not error.

**B.      The Veterans Administration Rating**

In 2007, the Veterans Administration ("VA") granted Ms. Krueger full disability benefits.[7]  Tr. 127.  Ms. Krueger argues that the ALJ did not consider this determination because the ALJ was unaware of its existence.  Pl. R. Br. 11.  The ALJ must ordinarily give great weight to a VA determination of disability.  *McCartey v. Massanari*, 298 F.3d 1072, 1075 (9th Cir. 2002).  To give diminished weight to a VA disability determination, the ALJ must give "persuasive, specific, valid reasons for doing so that are supported by the record."  *Id.* at 1076.

The ALJ properly discredited the VA's rating.  The VA did not have the complete record before it at the time of its rating because it lacked the Dr. Stuckey's diagnosis of malingering.  Tr. 440.  Acquisition of new evidence constitutes a persuasive, specific, and valid reason for according little weight to a VA disability rating.  *Valentine v. Comm'r*, 574 F.3d 685, 695 (9th

---

[6] Dr. Bridenbaugh's conclusion that Ms. Krueger is "unemployable" was based on his April 2006 assessment.  If the ALJ properly discounts the basis for a medical opinion, it is not error for her to disregard the doctor's conclusion.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Because the ALJ cited specific reasons for rejecting Dr. Bridenbaugh's assessment of Ms. Krueger, her rejection of his conclusion as to her employability is also justified.  *Id.* at 1149.

[7] Although Ms. Krueger contends that the VA rated her "100% unemployable," Pl. Br. 3, 12; Pl. R. Br. 10, the VA assigned this score for a period of one month in 2004 following a surgery.  The VA subsequently assigned Ms. Krueger a rating of only 90% unemployability based on her condition, but granted her 100% of available benefits.  Tr. 126-127, 134.

Cir. 2009) ("the ALJ was justified in rejecting the VA's disability rating on the basis that she had

evidence the VA did not, which undermined the evidence the VA did have").

Ms. Krueger argues that Dr. Stuckey's diagnosis is cumulative because the VA noted in

its report that Ms. Krueger's "credibility is suspect."  Pl. R. Br. 11-12; Tr. 131.  The Court

disagrees.  The relevant section in the VA report states that Ms. Krueger was "less than credible

in reporting [her] employment history" and questions her credibility "concerning *this issue.*"

Tr. 131 (emphasis added).  It cannot be assumed that the VA's concern over Ms. Krueger's

credibility concerning the narrow issue of her employment history is identical to Dr. Stuckey's

medical determination of malingerining.  The ALJ thus provided a persuasive, specific, and valid

reason for rejecting the VA rating that is supported by substantial evidence in the record.[8]

## C.     The Appeals Council's Decision

After the hearing, Ms. Krueger was evaluated by Dr. Linda Grounds.  She submitted

Dr. Grounds' medical opinion to the Appeals Council ("Council") in a request for review of the

ALJ's decision.  Dr. Grounds conducted psychological testing of Ms. Krueger that relates to her

disability before the date of the hearing.  Dr. Grounds rejected Dr. Stuckey's diagnosis of

malingerining. Instead, she concluded that Ms. Krueger's elevated malingering score reflects

symptoms of Ms. Krueger's mental health condition. Tr. 251; Pl. Br. 16.  In denying

Ms. Krueger's request for review, the Council stated that it considered Dr. Grounds' opinion, but

provided no explanation why it denied Ms. Krueger's request for review.

Although the Court cannot review the Council's decision, *Brewes v. Comm'r,* 682 F.3d

1157, 1161-62 (9th Cir. 2012), the Court must consider new evidence added to the record when

determining whether the ALJ's conclusion was supported by substantial evidence.  *See Taylor*

---

[8] Accordingly, the Court thus need not consider Ms. Krueger's argument that the ALJ
improperly failed to consult other evidence in the record.  Pl. Br. 13; Pl. R. Br. 9.

*v. Comm'r*, 659 F.3d 1228, 1231-33 (9th Cir. 2011). In *Taylor*, the Court ordered a remand based on its review of new evidence, stating that the Court may "consider [a] physician's opinion, which was rejected by the Appeals Council, to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Id*. at 1232.

The Court has independently reviewed Dr. Grounds' opinion. Remand to the ALJ is appropriate because the Council added Dr. Grounds' report to the record, and the record now contains significant evidence favorable to Ms. Krueger's application for DIB. Specifically, the ALJ did not have an opportunity to consider Dr. Grounds' opinion that Ms. Krueger is not malingering. Tr. 251; *see Taylor*, 659 F.3d at 1231-1233. Dr. Grounds' evidence is especially important because it appears to undermine the findings of Dr. Stuckey. The ALJ relied heavily on Dr. Stuckey's opinion in reaching her conclusion. As such, it is no longer clear that the ALJ's decision is supported by substantial evidence.

**D.      Remand**

Ms. Krueger argues that, under *Brewes*, the case should be remanded for the immediate payment of benefits because the Appeals Council did not provide any reasons for rejecting Dr. Grounds' opinion. Pl. Br. 17. The Court disagrees. This case is distinguishable from *Brewes*. In that case, the ALJ based her disability determination solely on the VE's testimony, and new evidence added to the record by the Appeals Council was directly responsive to that testimony. *Brewes*, 682 F.3d at 1163. In this case the new evidence is a medical opinion. The ALJ must resolve any conflicts between this new medical evidence and the medical evidence in the record. Immediate payment of benefits is, therefore, not appropriate.

As discussed above, Ms. Krueger submitted new evidence to the Appeals Council, which the ALJ did not have the opportunity to consider. In light of the new evidence, which now must be considered, the ALJ's findings are not supported by substantial evidence. Because the record needs further development, the Court concludes that there are outstanding issues that must be resolved before a determination of disability can be made. The ALJ should have the benefit of reconsidering her findings with regard to the new evidence in the record.

## IV.    CONCLUSION

The Commissioner's decision that Ms. Krueger is not disabled is REVERSED and this case is REMANDED for further proceedings consistent with this opinion. On remand, the ALJ shall consider the opinion of treating physician Dr. Linda Grounds and, if necessary, shall reconsider the RFC and accept new testimony from the VE.

DATED this 26th day of February, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge